UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
Southern Division

L. F. HILBERS, )
    Plaintiff(s); )
)
-vs.- ) No. CV-95-P-2298-S
)
SOUTH CENTRAL BELL, et al., )
    Defendant(s). )

## OPINION

JAN 17 1997

On December 30, 1996, the plaintiff, L. F. Hilbers, filed a Motion to Dismiss his claims without prejudice. Three other motions were already under submission in the case: a Joint Motion for Summary Judgment by defendants L. M. Berry and Co. and South Central Bell (now known as BellSouth Telecommunications, Inc.); a Motion for Partial Summary Judgment by defendant BellSouth Advertising and Publishing Co. (BAPCO); and a Motion to Dismiss Count V of Plaintiff's Amended Complaint by defendants BellSouth Telecommunications, Inc. (BellSouth) and BAPCO.

Mr. Hilbers brought this case in the Tenth Judicial Circuit of Alabama on August 3, 1995. The defendants removed to this court on September 7, 1995. Mr. Hilbers filed an amended complaint on September 12, 1996, alleging breach of contract, fraud, deceit, interference with business relations, intentional infliction of emotional distress, and bad faith. Mr. Hilbers' claim stems from BAPCO's failure to publish Mr. Hilbers' name under the "Patent Attorneys" heading in the 1990-91 and 1991-92 issues of the BellSouth <u>Real</u> Yellow Pages. BAPCO changed the "Patent Attorneys" heading to "Attorneys - Patent" prior to the publication of the 1990-91 edition. Existing advertising accounts were automatically converted from the old to the new heading. It

is alleged that BAPCO failed to notify Mr. Hilbers of the change in either year. BAPCO also inadvertently failed to convert some listings from "Patent Attorneys" to "Attorneys - Patent", so that several listings appeared under "Patent Attorneys" in 1990-91 and in 1991-92. Mr. Hilbers' name did not appear under the "Patent Attorneys" heading for the two issues in question. Mr. Hilbers' name did appear under the "Attorneys - Patent" heading in the two issues.

Mr. Hilbers did not pay for the advertising which appeared in the 1990-91 and 1991-92 issues. BAPCO alleges that Mr. Hilbers refused to pay for advertising which appeared in several subsequent issues. BAPCO filed a complaint in the Circuit Court of Jefferson County, Alabama, seeking payment for 1992-93 and 1993-94 issues. Mr. Hilbers filed a counterclaim in that lawsuit on December 20, 1996, substantially similar to the amended complaint filed in this case.

The plaintiff's Motion to Dismiss Without Prejudice will be treated as a motion to dismiss all three defendants, and is hereby GRANTED. As the motion relates to BAPCO, the plaintiff's claims are hereby DISMISSED without prejudice. As the motion relates to L. M. Berry and Co. and BellSouth, the plaintiff's claims are hereby DISMISSED with prejudice, based in part on the plaintiff's failure to state a claim against these defendants and in part on the plaintiff's motion to dismiss. Relief from this decision is subject to Federal Rule of Civil Procedure 59. Costs are taxed against the plaintiff.

L. M. Berry and Co. and BellSouth's Joint Motion for Summary Judgment, BAPCO's Motion for Partial Summary Judgment, and BellSouth and BAPCO's Motion to Dismiss Count V of Plaintiff's Amended Complaint are hereby MOOT.

Dated: January 17, 1997

Chief Judge Sam C. Pointer, Jr.